BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | 2:12-MC-00095-LKK-EFB |
|---|---|
| Plaintiff, | CONSENT JUDGMENT OF FORFEITURE |
| v. | |
| APPROXIMATELY $4,400.00 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On June 27, 2012, agents with the Internal Revenue Service – Criminal Investigation ("IRS") executed a Federal search warrant at Barbara Antonucci's residence in Yuba City, California. The agents seized Approximately $4,400.00 in U.S. Currency (hereafter "defendant currency"). The IRS commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others. On or about August 22, 2012, the IRS received a claim from Barbara Antonucci ("Antonucci") asserting an ownership interest in the defendant currency.

2. The United States represents that it could show at a forfeiture trial that on or about March 15, 2012, the Sacramento Sheriff's Department attempted to serve an

1

arrest warrant and conducted a probation search on an individual at 8455 Central Avenue, Orangevale, California. Among the occupants found at the house were Antonucci and her boyfriend, Lewis Laird ("Laird"). In the master bedroom, the officers found several computers, debit cards in the names of others, and journals with notes of names and identity information. In Antonucci's purse, officers found three Visa cards in the names of others, a California identification card and Social Security card in the name of a man, and two W-2 Forms in the names of others. In Antonucci's phone, officers found text messages from people requesting cards. Antonucci said that all of the property seized during the search belonged to her. This included more than fifty Green Dot and other issuers access cards in the names of others; eleven notebooks with names, social security numbers and dates of birth; many documents in the names of others, several laptops, a cell phone, and an external hard drive. The hard drive contained more than 1,000 Turbo Tax documents for numerous individuals for 2005 through 2010. IRS agents interviewed several individuals that had their tax returns prepared by Antonucci and they stated that the returns contained false income, listed dependents that do not belong to them, and that they never gave Antonucci permission to file their tax returns. They said they paid Antonucci $200 to $1,000 for preparing their tax returns.

3. The United States could further show at trial that on June 27, 2012, during the execution of a Federal search warrant at Antonucci's residence the defendant currency was seized. Antonucci claimed the defendant currency was money she won gambling a few nights prior at Red Hawk Casino. Documents from Red Hawk Casino establish that although Antonucci had a jackpot payout of $4,013.90 on June 25, 2012, her net winnings were only $116.30. Antonucci claimed that her only source of income in 2011 was gambling winnings of $90,000.00 and that thus far this year she has won $40,000.00 to $50,000.00. Documents from local casinos establish that she had a total net loss of $104,615.00 in 2011 and a net loss for 2012 of $26,373.00.

4. The United States could further show at a forfeiture trial that the

defendant currency is forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

5. Without admitting the truth of the factual assertions contained above, Barbara Antonucci specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, Barbara Antonucci agrees that an adequate factual basis exists to support forfeiture of the defendant currency. Barbara Antonucci hereby acknowledges that she is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, Barbara Antonucci shall hold harmless and indemnify the United States, as set forth below.

6. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

7. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

8. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

9. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

10. Upon entry of this Consent Judgment of Forfeiture, $2,200.00 of the $4,400.00 in U.S. Currency, together with any interest that may have accrued on that amount, shall be forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(C), to be disposed of according to law.

11. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $2,200.00 of the $4,400.00 in U.S. Currency, together with any interest

that has accrued on that amount, shall be returned to potential claimant Barbara Antonucci through attorney John R. Duree, Jr.

12. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. The parties waived the provisions of California Civil Code § 1542.

13. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court finds that there was reasonable cause for the seizure of the defendant currency and a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be entered accordingly.

14. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(4) of the Federal Rules of Evidence.

15. All parties will bear their own costs and attorney's fees.

IT IS SO ORDERED.

DATED: January 14, 2013.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

## CERTIFICATE OF REASONABLE CAUSE

Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

DATED: January 14, 2013.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT